**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANN ROSALIA; et al.,

Plaintiffs-Appellants,

v.

CITY OF HAYWARD, a municipal entity; et al.,

Defendants-Appellees.

No. 22-16135

D.C. No. 3:21-cv-00380-VC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted August 17, 2023**
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

On May 27, 2020, a vehicle cut Eric Rosalia off when he was on his motorcycle, causing him to fall and be injured. Racing home, he attracted the attention of the police. When the police approached him in the driveway, he yelled at them, retreated into his garage, and emerged holding a knife. When he refused to drop the knife and took a martial-arts stance, he was tasered and shot by the police. The incident was recorded on the officers' body-worn cameras. After Rosalia died in August 2020 (of COVID-19, not from the shooting), his relatives (collectively, "Plaintiffs") filed this action against the City of Hayward and certain police officers (collectively, "Defendants"). The district court granted summary judgment for the Defendants finding that the videos showed that the "officers acted reasonably to confront a rapidly unfolding and dangerous situation." Plaintiffs appeal. We conclude that the videos show that when Rosalia was shot, he posed a threat of serious physical harm to the officers. We affirm.

We review a grant of summary judgment and qualified immunity de novo, *Longoria v. Pinal Cnty.*, 873 F.3d 699, 703-04 (9th Cir. 2017). To affirm, we "must decide based on the record . . . that a verdict in favor of Defendants is the only conclusion a reasonable jury could reach." *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1124-25 (9th Cir. 2021).

When evaluating a Fourth Amendment excessive force claim, the relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the

facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). We keep in mind three non-exhaustive factors: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," *id.* at 396; the most important of which is the threat to the officers' safety, *Thomas v. Dillard*, 818 F.3d 864, 889 (9th Cir. 2016). *See also Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

We consider the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," *Graham*, 490 U.S. at 396, and deadly force may be used when the suspect poses a threat of serious physical harm to either the officer or others. *See Garner*, 471 U.S. at 11. Relevant here, when faced with a claim of excessive force where reliable video evidence is available, we view the facts in the light portrayed by the video. *Scott v. Harris*, 550 U.S. 372, 378-81 (2007).

Rosalia, when addressed by officers on his driveway, retrieved a knife from his garage, refused commands to drop it, and assumed a martial-arts stance within feet of an officer. The videos show that Rosalia was in this stance and possibly moving his knife-hand forward when he was shot. Plaintiffs assert that, notwithstanding the videos there are questions of fact as to whether Rosalia held the knife in a threatening manner, whether Rosalia lunged towards the officers, and

3

whether the Taser caused Rosalia's movement. They further argue that the district court failed to consider all the relevant facts, including that Rosalia was emotionally disturbed, and the officers failed to allow less lethal options to work.

However, officers "need not avail themselves of the least intrusive means of responding to an exigent situation," *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994), and "[w]hether officers hypothetically could have used less painful, less injurious, or more effective force in executing an arrest is simply not the issue," *Forrester v. City of San Diego*, 25 F.3d 804, 808 (9th Cir. 1994). Moreover, a less-lethal option (a Taser) was deployed, and the shooting stopped when Rosalia fell to his knees. We conclude that the video footage conforms to the officers' contentions that they reasonably believed Rosalia was an immediate threat. *See Mattos v. Agarano,* 661 F.3d 433, 441 (9th Cir. 2011). No reasonable jury could find that, from the perspective of the officers on the scene, Rosalia did not pose "an immediate threat to the safety of the officers." *Graham*, 490 U.S. at 396.[1]

The finding that the officers acted reasonably is determinative of all of Plaintiffs' claims. There can be no *Monell* liability if there is no underlying violation of a constitutional right. *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986). Plaintiffs concede that their state law battery and Bane Act claims turn on the same

---

[1] Because we conclude that the officers did not act unreasonably, we do not consider whether Rosalia's constitutional rights were clearly established at the time of the alleged violation. *See Peck v. Montoya*, 51 F.4th 877, 887 (9th Cir. 2022).

elements as their federal claims for excessive force. Finally, in this case, the determination that the officers acted reasonably in the face of an imminent threat precludes the assertion of state law claims of negligence and negligent infliction of emotional distress.[2] *See Lopez v. City of L.A.*, 196 Cal. App. 4th 675, 685 (2011).

The district court's grant of summary judgment is **AFFIRMED**.

---

[2] We recognize that California negligence law "is broader than federal Fourth Amendment law." *Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 639 (2013). "Under California law, the officer's pre-shooting decisions can render his behavior unreasonable under the totality of the circumstances, even if his use of deadly force at the moment of shooting might be reasonable in isolation." *Tabares*, 988 F.3d at 1125.

Here, however, the videos do not show any questionable "pre-shooting decisions" and the First Amended Complaint does not allege any negligence other than the officers shooting of Rosalia. Accordingly, as the California Supreme Court agrees with the United States Supreme Court that the reasonableness of a particular use of force "'must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight,'" *Hayes*, 57 Cal. 4th. at 632 (quoting *Graham*, 490 U.S. at 396), in this instance, the finding that the officers acted reasonably when Rosalia was shot is dispositive of Plaintiffs' claims of negligence under California law.